IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HOLLAND,<br>Inmate # N02898,<br><br>      Plaintiff,<br><br>vs.<br><br>DAVE REDNOUR,<br>C/O BURNS,<br>C/O MAURE,<br>C/O BRASHER,<br>LT. WESTERMAN,<br>MAJOR DURHAM,<br>C/O PRITTY,<br>C/O PORTER,<br>JEFFREY B. MOTT, and<br>JOHN DOES #1-#5,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 12-cv-0087-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

   Plaintiff Holland, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Menard Correctional Center. Plaintiff is serving a life sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. Portions of this action are subject to summary dismissal.

### A.   The Complaint

In Plaintiff's pro se complaint in this case, he alleges that on March 8, 2011, he was sent to his cell during chow time for being improperly dressed (Doc. 1, p. 6). Plaintiff told Defendant Correctional Officer (C/O) Burns at his cell that he was diabetic and needed a food tray. Defendant Burns asked if Plaintiff was demanding a food tray, which Plaintiff denied. Plaintiff asked again, and Defendant Burns reached into Plaintiff's cell and shoved him. In

2

return, Plaintiff struck Defendant Burns in the face. Defendant C/O Maure ran into the cell, put Plaintiff into a choke hold, and beat Plaintiff's face and head. Defendant Burns repeatedly kneed Plaintiff in the kidney area. Defendant Maure and Defendant C/O Brasher handcuffed Plaintiff and dragged him to the health unit with his pants down.

Next, Defendant Lieutenant Westerman and Defendant C/O John Doe #1 dragged Plaintiff from the health unit to the North cellhouse. Defendant Warden Dave Rednour watched the others drag him. Plaintiff called out to Defendant Rednour, who stated that he didn't want to hear it. Defendant Rednour later conducted the investigation.

On the second floor of the North cellhouse, Defendants C/O John Doe #2 and John Doe #3 beat Plaintiff about the body repeatedly until being told to stop by a superior. Plaintiff was taken to a holding cell in an interrogation room. Defendants C/O John Doe #4 and John Doe #5 questioned him. When Plaintiff was allowed to leave the holding cell they said "This is what you get when you hit an officer," whereupon one Defendant kicked Plaintiff in the ribs, and both began to beat him about his head.

Afterwards, Plaintiff was moved to another holding cell, where Defendant Major Durham called Plaintiff degrading names while discussing Plaintiff's pending transfer to Pontiac Correctional Center ("Pontiac"). Plaintiff responded in kind. Defendant Durham refused to allow Plaintiff to bring his shoes or any of his clothing to Pontiac, and instead provided him a thin jumpsuit. An officer gave Plaintiff shower shoes to wear during the transfer. Defendant Durham pushed Plaintiff down the stairs and when the shower shoes fell off, Defendant Durham did not allow another officer to give the shoes back to Plaintiff. Plaintiff departed for Pontiac immediately. Defendants C/O Pritty and C/O Porter, who transported Plaintiff to Pontiac, dragged him through Menard's parking lot to the van. Plaintiff scraped two of his toes as a result

of being dragged. Plaintiff rode four and a half hours to Pontiac "in a cold van" with nothing on but a thin jumpsuit (Doc. 1, p. 8).

Due to the incident and the subsequent transfer, Plaintiff, a diabetic, was not fed for twelve hours. His blood sugar rose to 196 after the beatings, and four and a half hours later it had risen to 255. Plaintiff notes that though he was photographed upon his arrival at Pontiac, the staff had to retake the picture at a later date due to the disfigurement of his face. Finally, Plaintiff states that Defendant C/O Mott wrote a disciplinary report but failed to report the true facts of the matter. He adds that no minority staff members were present during this entire episode (Doc. 1, p. 9).

Plaintiff seeks as relief both compensatory and punitive damages.

**B.** **Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into six counts. The parties and the Court will use these designations in all future pleadings and Orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To properly plead an Eighth Amendment claim for excessive force, an inmate must state that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An

4

inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was *de minimis*, not whether the injury suffered was *de minimis*); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff alleges that he was shoved by Defendant Burns for requesting a food tray. Though Plaintiff admits he struck Defendant Burns, Plaintiff was immobilized immediately after in a headlock by Defendant Maure. While still immobilized, Defendant Maure beat Plaintiff's face and head and Defendant Burns kneed Plaintiff repeatedly. Plaintiff's face was so heavily disfigured that a photo taken upon arrival at Pontiac the same day had to later be retaken after his face returned to normal. Though some force may be necessary to maintain order, force beyond what is reasonable to restrain the inmate and eliminate the threat to prison staff and other inmates can result in a constitutional deprivation. Based on these facts, it is not clear whether Defendants' actions were carried out in a good faith effort to maintain discipline or were carried out maliciously. It also cannot be determined at this time whether the force used was *de minimis*. Accordingly, Plaintiff's claim of excessive force against Defendants Burns and Maure is not subject to dismissal at this time; it survives threshold review.

The complaint also alleges that Defendants John Doe #2 and John Doe #3 beat Plaintiff about the body repeatedly after he arrived at the north cell house, until being told to stop. Later, while Plaintiff was in a holding cell on the second floor of the north cell house, Defendants C/O John Doe #4 and John Doe #5 questioned him. When Plaintiff was allowed to leave the holding cell, they said, "This is what you get when you hit an officer," and began to kick and beat him. Plaintiff further alleges that as he was leaving Menard to be transferred to Pontiac, Defendant Durham pushed him down the stairs. These facts indicate a possible use of

5

unconstitutional excessive force by these Defendants. Accordingly, Plaintiff's claim of excessive force against Defendants John Doe #2, John Doe #3, John Doe #4, John Doe #5, and Durham is not subject to dismissal at this time; it survives threshold review.

In addition, Plaintiff claims that Defendants Maure and Brasher dragged Plaintiff to the health unit, Defendants Westerman and John Doe #1 dragged him from the health unit to the North cell house, and that Defendants Pritty and Porter dragged him through Menard's parking lot to a van and he scraped two toes. Plaintiff does not provide sufficient information to indicate whether these actions of "dragging" were done with permissible force or with excessive force. Dragging alone does not indicate a constitutional deprivation. Accordingly, Plaintiff's claims of excessive force against Defendants Brasher, Westerman, John Doe #1, Pritty, and Porter merit dismissal and shall be dismissed without prejudice.

Finally, Plaintiff claims that as Defendants Westerman and John Doe #1 dragged him from the health unit to the north cell house, Defendant Rednour watched. Defendant Rednour allegedly responded, "I don't want to hear it," when Plaintiff called out to him. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, stating:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987).

In the instant case, while Defendant Rednour could be held liable if he had witnessed an act of excessive force by another officer and failed to intervene, the act of dragging alone does not present a constitutional claim. Defendant Rednour thus cannot be liable for failing to intervene. Plaintiff's claim against Defendant Rednour of use of excessive force due to failure to intervene shall be dismissed at this time without prejudice.

### **Count 2 – Deprivation of Property**

Plaintiff alleges that Defendant Durham refused to allow Plaintiff to bring his shoes or any of his clothing to Pontiac, and instead provided him a thin jumpsuit. Plaintiff had purchased the shoes at the prison commissary.

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). As Plaintiff has an adequate alternative remedy to pursue for the deprivation of his property, this claim against Defendant

Durham for deprivation of property shall be dismissed at this time without prejudice to Plaintiff bringing an action in the Illinois Court of Claims.

### Count 3 – Derogatory Language

The complaint alleges that while Plaintiff was in the second holding cell listening to Defendant Durham discuss his pending transfer to Pontiac, Defendant Durham called Plaintiff degrading names. The Seventh Circuit has held that derogatory remarks do not constitute constitutional violations. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987). Plaintiff has thus not pleaded any facts which could give rise to an actionable claim, and this claim shall be dismissed with prejudice.

### Count 4 – Conditions of Confinement

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). However, where an inmate fails to show that he was forced to remain in the cold for long periods of time, or does not establish that he suffered unusual deprivations, his complaint may not rise to the level of a constitutional violation. *See Mays v. Springborn,* 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner who had hurt ears, numb hands, feelings of frostbite, and caught colds because he was never issued adequate winter clothing showed only that he was subject to the "usual discomforts of winter," not the objectively serious harm required to state an Eighth Amendment claim).

Plaintiff alleges that after confiscating his clothing and shoes, Defendant Durham left Plaintiff with only a thin jumpsuit to wear during a four and a half hour ride to Pontiac in a cold van. Plaintiff fails to allege anything beyond temporary discomfort. He does not state any facts asserting that the temperature was below the normal effect of air conditioning. Furthermore, the discomfort was temporary and lasted only four and a half hours. This is less

8

severe than the conditions experienced by the plaintiff in *Mays*, who, despite possessing inadequate clothing for the winter temperatures and citing numerous physical ailments from the cold, failed to state a claim. *Id.* Plaintiff fails to plead facts showing a possible constitutional deprivation. This claim shall be dismissed without prejudice.

### Count 5 – Deliberate Indifference

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff, a diabetic, alleges that he received no food for a twelve-hour period. His blood sugar rose to 196 after the beatings at Menard, and four and a half hours later it had risen

to 255. Plaintiff describes a condition that meets two of the *Gutierrez* factors. For diabetics, the skipping or delay of meals, particularly for long periods of time, can lead to dangerous complications and even death. A reasonable physician would likely find high blood sugar levels such as those reported by Plaintiff to necessitate treatment. Plaintiff satisfies the objective prong that he suffered from a serious medical condition. The Court now turns to the subjective prong.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff told Defendant Burns that he was diabetic and would need a food tray, since he was missing a meal for being improperly dressed. Defendant Burns was thus aware of Plaintiff's medical condition. However, Plaintiff struck Defendant Burns on the face immediately afterward. Defendant Burns and Defendant Maure then restrained Plaintiff. "A prison may be permitted some infringement on inmates' rights for reasons of institutional security." *See Bell v. Wolfish,* 441 U.S. 520, 546-47 (1979). Defendant Burns is thus excused for not delivering food to Plaintiff, since immediate security needs outweighed Plaintiff's medical need. Plaintiff only states that he told Defendant Burns about his medical condition. Plaintiff does not allege that any of the other Defendants were aware of his diabetes or of the length of time he had been without food. Thus, Plaintiff has not pleaded facts to satisfy the subjective prong of deliberate indifference to a serious medical condition. Plaintiff's claim shall

10

be dismissed without prejudice.

### Count 6 – Miscellaneous Allegations

Plaintiff states in his complaint that Defendant Mott wrote a "flagrant disciplinary report" which failed to give full details of the incident. Furthermore, he notes that no minority staff members were present during the entire episode he describes.

Plaintiff makes no further allegations in the complaint regarding Defendant Mott. Even if the disciplinary report omitted what Plaintiff considers to be important information, that flaw does not state a constitutional claim. To satisfy due process concerns, the disciplinary report must be adequate to give Plaintiff notice of the charges against him, so that he may prepare for the hearing that will determine whether he is guilty of the infraction charged. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Plaintiff's allegations do not indicate that his notice was inadequate in any way. Thus, Defendant Mott shall be dismissed from this action without prejudice.

As to the lack of minority staff members, a prison inmate has no constitutional rights related to the diversity, or lack thereof, of prison staff. As such, this Court cannot discern any possible constitutional violation in this allegation. It shall not be considered further, and shall be dismissed with prejudice.

### C. Disposition

**COUNT 2** fails to state a claim upon which relief may be granted and is hereby **DISMISSED without prejudice** to Plaintiff bringing an action in the Illinois Court of Claims, if he wishes to do so. **COUNTS 4** and **5** fail to state a claim upon which relief may be granted and are **DISMISSED without prejudice**. **COUNTS 3** and **6** fail to state a claim upon which relief may be granted and are **DISMISSED with prejudice**.

Defendants **REDNOUR, BRASHER**, **WESTERMAN**, **JOHN DOE #1**, **PRITTY**, **PORTER** and **MOTT** are **DISMISSED** from this action **without prejudice**.

**COUNT 1** shall receive further consideration.

The Clerk of Court **SHALL PREPARE** for Defendants **BURNS**, **MAURE**, and **DURHAM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the remaining Unknown Defendants (John Does #2-5) until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, if the Defendants cannot be found at the addresses provided by Plaintiff, the employer shall furnish the Clerk with the Defendants' current work addresses, or, if not known, the Defendants' last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or

upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings. Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: 6/21/2012

                                                   s/ MICHAEL J. REAGAN
                                                  Michael J. Reagan
                                                  United States District Judge