IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| WILLIAM HOLLAND, #N02898, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case No. 3:12-cv-87-MJR-SCW |
| ) | |
| DAVE REDNOUR, et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT FINAL PRETRIAL ORDER

This matter is before the Court for a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

Counsel for Plaintiff:
Richard Juang
Polsinelli PC
100 South 4th Street
St. Louis, MO 63130
Phone: 314-622-6621

Counsel for Defendants:
Ashley Carter
Illinois Attorney General's Office
500 S. Second Street
Springfield, IL 62706
Ph: 217-782-9026

### I. NATURE OF THE CASE

Plaintiff William Holland ("Holland") filed this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while Holland was an inmate within the Illinois Department of Corrections housed in Menard Correctional Center. Holland alleges Defendants Nathanial Maue, Joseph Durham, Bradley Coleman, Sean Wolters, and Jeric Burns used unconstitutional force on March 8, 2011. Defendants deny that they violated Holland's Constitutional rights and deny that they used unconstitutional force.

### II. JURISDICTION

A. This is an action for money damages.

B. The jurisdiction of the Court over Plaintiff's Eighth Amendment unconstitutional use of force claim is not disputed. The jurisdiction of the Court is invoked under Section 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## III. UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. At all times relevant to this Complaint, Holland was incarcerated in the Illinois Department of Corrections, specifically at Menard Correctional Center.

2. At all times relevant to the Complaint, Defendants acted under color of state law and were employees at the Menard Correctional Center.

3. On March 8, 2011, at approximately 9:50 AM, Menard Correctional Center's North 1 Cell House, 2 Gallery was released from their cells for chow, monitored by Correctional Officers Craig Brashear and Jeric Burns.

4. When Holland walked out of cell #2-08 for chow, staff asked Holland to return to his cell due to improper clothing.

5. After Holland struck Defendant Burns in the face, Holland was forcefully taken to the ground.

6. Holland was later escorted to the Menard Health Care Unit where he was seen by medical staff.

7. Holland was interviewed by Internal Affairs Correctional Officers Coleman and Wolters on March 8, 2011 at 10:30 AM about the incident.

8. Subsequently, on March 8, 2011, Plaintiff was transferred from Menard Correctional Center to Pontiac Correctional Center.

9. Following the transfer, Plaintiff spent three days in the infirmary at Pontiac Correctional Center.

## IV. AGREED TO ISSUES OF LAW

The parties agree that the following are the issues to be decided by the Court:

1. Whether Defendants used unconstitutional force against Plaintiff.

2. Whether Defendants are entitled to qualified immunity.

3. Whether Plaintiff is entitled to compensatory and punitive damages.

**V.    WITNESSES**

A. List of witnesses plaintiff expects to call, including experts:

1. Expert witnesses.

    a. None at this time, but Plaintiff reserves the right to amend.

2. Non-expert witnesses.

    a. Will Call Witnesses.

        i. William Holland, Plaintiff

        ii. Isaiah Robinson (R11612) (Inmate, currently Menard Correctional Center)

        iii. Eddie Brooks (N10420) (Inmate, currently Stateville Correctional Center)

        iv. Chad Hasemeyer (Case Investigator listed on Report of Investigation)

        v. Sarah Johnson (Administrative Review Board member)

        vi. Dr. Andrew Tilden, MD (Pontiac Correctional Center)

        vii. Donald Gish (Adjustment Committee Chairperson)

    b. May Call Witnesses.

        i. Jeric Burns, Defendant

        ii. Bradley Coleman, Defendant

        iii. Nathaniel Maue, Defendant

        iv. Sean Wolters, Defendant

        v. Joseph Durham, Defendant

        vi. Alton Angus (Pontiac Correctional Center)

        vii. Melvin Hinton (Pontiac Correctional Center)

        viii. Lance Evans (Correctional Lieutenant, Pontiac Correctional Center)

        ix. Tracey Nodine (Correctional Officer, Pontiac Correctional Center)

x. Craig Cramer (Correctional Officer, Pontiac Correctional Center)

xi. Phillip Riggenbach (Correctional Officer, Pontiac Correctional Center)

xii. Paul Griffin (Correctional Officer, Pontiac Correctional Center)

xiii. Ricky Mullins (B32474) (former Inmate, parole)

xiv. Dennis G. Miller (R56919) (former Inmate, discharged)

xv. B. Givens (Lieutenant, Stateville Correctional Center)

xvi. J. Hopson (Correctional Officer, Stateville Correctional Center)

xvii. T. Lazard (Correctional Officer, Stateville Correctional Center)

xviii. Daniel Liefer (former Lieutenant, Menard Correctional Center)

xix. Jim Diercks (Correctional ID Supervisor, Menard Correctional Center)

B. List of witnesses defendants expects to call, including experts:

1. Expert witnesses.

   a. None at this time, but Defendants reserve the right to amend.

2. Non-expert witnesses.

   a. William Holland, Plaintiff

   b. Jeric Burns, Defendant

   c. Bradley Coleman, Defendant

   d. Nathaniel Maue, Defendant

   e. Sean Wolters, Defendant

   f. Joseph Durham, Defendant

   g. Jeffrey Mott (Correctional Officer, Menard Correctional Center)

   h. Craig Brashear (Correctional Officer, Menard Correctional Center)

   i. Groves (CMT, Menard Correctional Center)

  j. Nikki Malley (HCUA, Menard Correctional Center)

  k. Dr. Fahim, MD (Menard Correctional Center)

  l. Tindall (Nurse, Menard Correctional Center)

  m. Dr. Andrew Tilden, MD (Pontiac Correctional Center)

  n. Joyce Friel (Nurse, Pontiac Correctional Center)

  o. Barthel (Nurse, Pontiac Correctional Center)

  p. Stephanie Schertz (Nurse, Pontiac Correctional Center)

C. Rebuttal witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice to the other party.

## VI. EXHIBITS

See Attached Exhibit List

## VII. DAMAGES

Plaintiff is seeking recovery for compensatory and punitive damages. Plaintiff also seeks recovery of attorney's fees and the costs of bringing this action.

## VIII. BIFURCATED TRIAL

The parties do not request a bifurcated trial.

## IX. TRIAL BRIEFS

The parties do not seek leave to file trial briefs.

## X. MOTIONS IN LIMINE

Motions in Limine should be filed with the Court two weeks before the first day of trial on any difficult evidentiary issues.

## XI. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

 A. **Trial Date.** Trial of this cause is set for the week of November 12, 2014.

 B. **Length of Trial.** The probably length of trial is not expected to exceed 2 days.

**Mark Appropriate Box:**  JURY. . . . . . . . . __X__

NON-JURY. . . . ____

C. **Number of Jurors.** There shall be a minimum of six jurors.

D. **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted.

E. **Jury Instructions.** All jury instructions shall be submitted as directed by the presiding judge and a copy delivered to opposing counsel.

F. **Witness Exclusion.** The parties do request that non-party witnesses be excluded from the courtroom.

This Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or by the Court on its own.

**IT IS SO ORDERED.**

DATED: October 16, 2014

.s. *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

APPROVED AS TO FORM AND SUBSTANCE:

s/ Richard Juang
ATTORNEY FOR PLAINTIFF

s/Ashley B. Carter
ATTORNEY FOR DEFENDANT(S)

# PRETRIAL EXHIBIT LIST

**Exhibits Offered by Plaintiff(s):**

| No. | Description | Admit Without Objection | Authen- tication Waived | Objection |
|---|---|---|---|---|
| 1. | Plaintiff's cumulative counseling summary | ✓ | ✓ | |
| 2. | Administrative Review Board response letter from Brian Fairchild dated December 26, 2007 | ✓ | ✓ | |
| 3. | Plaintiff's grievance dated April 11, 2011 | | ✓ | Hearsay |
| 4. | Plaintiff's grievance dated April 15, 2011 | | ✓ | Hearsay |
| 5. | Adjustment Committee Final Summary Report regarding the Disciplinary Report issued by Jeffrey Mott on 3/8/2011 for assaulting Defendant Burns | ✓ | ✓ | |
| 6. | Report of Investigation, Case 82 MEN 11 | | ✓ | Hearsay |
| 7. | Plaintiff's July 24, 2011 Letter to the ARB | | ✓ | Hearsay |
| 8. | Email of Sarah Johnson dated May 23, 2011 | ✓ | ✓ | |
| 9. | Plaintiff's Medical Records | ✓ | ✓ | |
| 10. | Photo of Plaintiff taken March 9, 2011 | ✓ | ✓ | |
| 11. | Photo of Plaintiff taken March 21, 2011 | ✓ | ✓ | |
| 12. | Disciplinary Report issued by Jeffrey Mott on 3/8/2011 for assaulting Defendant Burns | ✓ | ✓ | |
| 13. | 3/8/2011 Incident Report of Jeric Burns | ✓ | ✓ | |
| 14. | 3/8/2011 Incident Report of Jeffrey Mott | ✓ | ✓ | |
| 15. | 3/8/2011 Incident Report of Craig Brashear | ✓ | ✓ | |
| 16. | Plaintiff's grievance dated April 7, 2011 | | ✓ | Hearsay |
| 17. | Administrative Review Board response letter from Sarah Johnson dated June 1, 2011 | ✓ | ✓ | |
| 18. | Administrative Review Board response letter from Sarah Johnson dated August 18, 2011 | ✓ | ✓ | |
| 19. | Reportable Incident from Richard Harrington 3-8-11 (Attachment #1 to Investigation 82 MEN 11) | ✓ | ✓ | |

| No. | Description | Admit Without Objection | Authen-tication Waived | Objection |
|---|---|---|---|---|
| 20. | Institution Graphics of Plaintiff, photo taken on 12-13-2010, dated 3-8-2011 (Attachment #5 to Investigation 82 MEN 11) | ✓ | ✓ | |
| 21. | Investigational Interview by Coleman and Wolters on 3-8-11 (Attachment #7 to Investigation 82 MEN 11) | ✓ | ✓ | |
| 22. | Menard Staff Roster from March 8, 2011 | ✓ | ✓ | |
| 23. | William Holland's Disciplinary Card dated September 9, 2012 (Bates No: 4) | ✓ | ✓ | |

**Exhibits Offered by Defendants§:**

| No. | Description | Admit Without Objection | Authen-tication Waived | Objection |
|---|---|---|---|---|
| 1. | Disciplinary Report issued by Jeffrey Mott on 3/8/2011 for assaulting Defendant Burns | ✓ | ✓ | |
| 2. | Adjustment Committee Final Summary Report regarding the Disciplinary Report issued by Jeffrey Mott on 3/8/2011 for assaulting Defendant Burns | ✓ | ✓ | |
| 3. | Plaintiff's medical records | ✓ | ✓ | |
| 4. . | Plaintiff's cumulative counseling summary | ✓ | ✓ | |
| 5. | Plaintiff's disciplinary card | ✓ | ✓ | |
| 6. | Plaintiff's grievance dated April 15, 2011 | ✓ | ✓ | |
| 7. | Plaintiff's grievance dated April 11, 2011 | ✓ | ✓ | |
| 8. | Plaintiff's grievance dated April 7, 2011 | ✓ | ✓ | |
| 9. | Plaintiff's July 24, 2011 Letter to the ARB | ✓ | ✓ | |
| 10. | Administrative Review Board response letter from Sarah Johnson dated August 18, 2011 | ✓ | ✓ | |
| 11. | Administrative Review Board response letter from Sarah Johnson dated June 1, 2011 | ✓ | ✓ | |
| 12. | Email of Sarah Johnson dated May 23, 2011 | ✓ | ✓ | |
| 13. | Report of Investigation and Attachments, Case 82 MEN 11 | ✓ | ✓ | |
| 14. | Plaintiff's responses/answers to Defendants' interrogatories | ✓ | ✓ | |
| 15. | Plaintiff's Deposition Transcript taken on December 16, 2013 | ✓ | ✓ | |